

# NUMBER 13-22-00007-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

SOMER RACHELLE NESLONEY,                      **Appellant,**

**v.**

THE STATE OF TEXAS,                             **Appellee.**

### On appeal from the 36th District Court
### of Aransas County, Texas.

# ORDER OF ABATEMENT

### Before Justices Benavides, Hinojosa, and Silva
### Order Per Curiam

Appellant's brief was originally due on March 17, 2022. On March 22, 2022, the Clerk of the Court notified appellant's counsel that the brief had not been timely filed. On March 31, 2022, appellant's counsel filed a motion for extension of time which was granted, and the time to file a brief was extended to May 16, 2022. On May 17, 2022, the Clerk of the Court notified appellant's counsel that the brief was again past due.

Appellant's counsel has failed to timely file an appellate brief in this matter and has not otherwise responded to the Clerk's notice.

Accordingly, we now abate this appeal and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. Upon remand, the trial court shall utilize whatever means necessary to make appropriate findings and recommendations concerning the following: (1) whether appellant desires to prosecute this appeal; (2) why appellant's counsel has failed to file a brief and whether counsel has effectively abandoned the appeal; (3) whether appellant has been denied effective assistance of counsel; (4) whether appellant's counsel should be removed; and (5) whether appellant is indigent and entitled to court appointed counsel.

If the trial court determines appellant does want to continue the appeal, present counsel should be removed, and appellant is indigent and entitled to court appointed counsel, the trial court shall appoint new counsel to represent appellant in this appeal. If new counsel is appointed, the name, address, email address, telephone number, and state bar number of said counsel shall be included in an order appointing counsel.

The trial court shall cause its findings and recommendations, together with any orders it may enter regarding the aforementioned issues, to be filed in a supplemental clerk's record. Furthermore, the trial court shall cause a supplemental reporter's record of any proceedings to be prepared. The supplemental clerk's record and supplemental reporter's record, if any, shall be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
7th day of June, 2022.